[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12085
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00012-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODNEY SCOTT BLANKENSHIP,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 12, 2015)

Before JORDAN, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Rodney Scott Blankenship appeals his total 208-month sentence, imposed after he pled guilty to: Count 1, carjacking in violation of 18 U.S.C. § 2119(1); Count 2, brandishing a weapon during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and Count 3, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). On appeal, Blankenship argues that his sentence is procedurally unreasonable because the district court relied on erroneous findings of fact in imposing an upward variance. He further argues that the upward variance rendered the sentence substantively unreasonable in the light of the same allegedly erroneous facts and Blankenship's mitigating life history.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). In reviewing such reasonableness, we consider the totality of the circumstances. *Id*. at 51, 128 S.Ct. at 597. The party challenging the sentence bears the burden of establishing that the sentence is unreasonable. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010). We "must first ensure that the district court committed no significant procedural error," such as selecting a sentence based on clearly erroneous facts. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.

2

We then look to whether a sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors. *Id*.


## I.    Procedural Reasonableness


Blankenship first argues on appeal that his sentence is procedurally unreasonable because the district court relied on clearly erroneous findings of fact: that Blankenship attempted to discharge a firearm during the carjacking.

A factual finding is clearly erroneous when, although evidence supports it, we are left with the definite and firm conviction -- after review of the entire evidence -- that a mistake has been committed.  *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011). We grant "substantial deference to the factfinder . . . in reaching credibility determinations with respect to witness testimony" when reviewing factual findings for clear error. *United States v. Villarreal*, 613 F.3d 1344, 1349 (11th Cir. 2010).

Upon our review of the entire evidence, the findings made by the district court are not clearly erroneous. The alleged discrepancies between Perry Weaver's statements to police and his testimony before the district court at sentencing are minimal, and the important elements about Blankenship's effort to shoot Weaver remained consistent. His testimony is further supported by the uncontested

3

testimony of Karen Combs and other evidence. Special Agent Brian Johnson's testimony about the functionality of the gun was internally coherent and consistent with the accounts of Weaver and Combs. Therefore, the court's determination that Blankenship attempted to discharge the firearm is not clearly erroneous; and the sentence is procedurally reasonable.

## II.    Substantive Reasonableness

Blankenship also argues that his sentence was substantively unreasonable in the light of the § 3553(a) factors.  He contends that the district court relied on clearly erroneous factual findings when considering the nature and circumstances of the offense.  Besides, he avers that the court failed to give proper weight to his mitigating life history.

When imposing a sentence, a court must consider a variety of factors including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, the need to deter criminal conduct and protect the public, the kinds of sentences available, and the advisory guideline range for a sentence. 18 U.S.C. § 3553(a). The weight given to each of the § 3553(a) factors is subject to review, but we will vacate the sentence only if we are "left with the definite and firm

4

conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). "Generally, the weight accorded to any of those factors is committed to the sound discretion of the district court, and this Court will not substitute its judgment in weighing the relevant factors." *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014). One indicator of the substantive reasonableness of a sentence is whether the sentence imposed is well below the statutory maximum penalty.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable, in part because it was well below the statutory maximum).

Blankenship's total sentence of 208 months is substantively reasonable. The sentencing court was within its discretion to find that Blankenship's attempt to fire the gun was an aggravating circumstance, making this case substantially similar to cases where the firearm was actually discharged. Moreover, Blankenship fails to carry his burden of showing that the district court abused its discretion in weighing the § 3553(a) factors and deciding to impose the upward variance. The court clearly weighed the history and characteristics of Blankenship and his sincere acceptance of responsibility against his history of violence, particularly towards his own family. Blankenship's sentence also seems to be reasonable given that it was imposed well below the statutory maximum.  *See Gonzalez*, 550 F.3d at 1324.

5

Upon review of the record and consideration of the parties' briefs, we affirm the sentence as both procedurally and substantively reasonable.

**AFFIRMED.**